UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff-Respondent,              Case No. 1:14-cr-53

v.                                                 HON. JANET T. NEFF

DAVID GRANT RAINEY,

       Defendant,

and

MICHAEL RAINEY, JULIUS RAINEY and
JUDITH RAINEY,

       Petitioners.
_____/

## **OPINION**

Pending before the Court in the forfeiture phase of this criminal case are three Petitions for Hearing on Preliminary Order of Forfeiture (Dkts 27, 28 & 29). The government filed a response to the petitions, seeking their dismissal (Dkt 32). Having fully considered the parties' written submissions and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCrimR 47. For the reasons that follow, the Court dismisses the petitions.

### I. BACKGROUND

Defendant was charged with unlicensed dealing in firearms in violation of 18 U.S.C. § 922(a)(1)(A) (Dkt 2, Felony Information). The Felony Information provided that upon conviction

of the offense, Defendant "shall forfeit to the United States pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the commission of the offense, including all firearms and ammunition listed in Attachment A to this Felony Information" (*id.*). Attachment A delineates 176 firearms and ammunition (Dkt 2-1).

At a hearing on April 10, 2014, Defendant entered a plea of guilty to the Felony Information in exchange for the undertakings made by the government in the written plea agreement (Dkt 3, Plea Agreement). The plea agreement contained a forfeiture provision whereby Defendant agreed to "forfeit all rights, title and interest in the firearms and ammunition listed in Attachment A to the Felony Information, which the defendant admits were involved in the defendant's unlawful business of dealing in firearms without a license" (*id.* ¶ 6). Defendant further agreed "not to assist any other individual in contesting the forfeiture of the assets" (*id.*). On May 1, 2014, this Court accepted Defendant's guilty plea (Dkt 13).

On July 17, 2014, this Court issued a Preliminary Order of Forfeiture (Dkt 22). The Order instructed that notice of the forfeiture shall be published in accordance with 21 U.S.C. § 853(n)(1); any third party wishing to assert an interest in the property must petition the Court in accordance with § 853(n)(2) and (3); and, pursuant to FED. R. CRIM. P. 32.2(b)(4)(B), the Order of Forfeiture would become final as to Defendant at the time of sentencing (*id.*). The government represents that it provided public notice to third parties who might claim the firearms, and also sent personal notice to members of Defendant's family (Dkt 32 at 2). This Court sentenced Defendant on July 21, 2014 to one year of home confinement and two years of supervised release (Dkt 23). The Judgment of Sentence was entered the same day (Dkt 24).

On August 13, 2014, Defendant's son, Michael Rainey, filed a "Petition for Hearing on Preliminary Order of Forfeiture" (Dkt 27).  Defendant's wife, Judith Rainey, also filed a "Petition for Hearing on Preliminary Order of Forfeiture" (Dkt 28).  Last, Julius Rainey, whom the government has identified as Defendant's father, filed a "Petition for Hearing on Preliminary Order of Forfeiture" (Dkt 29).  On August 28, 2014, pursuant to the Court's order, the government filed a response to the petitions, seeking their dismissal (Dkt 32).

## II. ANALYSIS

The statute governing third-party claims in criminal forfeiture proceedings allows any person, other than the defendant, asserting a "legal interest" in the property to petition the district court for a hearing to adjudicate the asserted interest. 21 U.S.C. § 853(n)(2).  Section 853(n)(3) mandates that the petition "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought."  *See United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) ("Statutory standing under 21 U.S.C. § 853(n) requires that White demonstrate a legal interest in the proceeds of the ZINK stock."); *see also United States v. Oregon*, 671 F.3d 484, 491 (4th Cir. 2012) ("the touchstone for standing is the possession of a legal interest in the forfeited property").

A court shall amend an order of forfeiture only where the petitioner establishes by a preponderance of the evidence either that "(A) the petitioner has a legal right, title, or interest in the property" that was "vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property," 21 U.S.C. § 853(n)(6)(A); or "(B) the petitioner is a bona fide purchaser

3

for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture," 21 U.S.C. § 853(n)(6)(B). *See United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010); *United States v. Huntington Nat'l Bank*, 574 F.3d 329, 331 (6th Cir. 2009) ("A forfeiture claimant may obtain relief on one of two grounds: that its interest is 'superior' to the government's or that it was a 'bona fide purchaser for value.'").

A court may, on motion, dismiss a petition asserting an interest in the property to be forfeited "for lack of standing, for failure to state a claim, or for any other lawful reason." FED. R. CRIM. P. 32.2(c)(1)(A). "[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *United States v. Salti*, 579 F.3d 656, 667 (6th Cir. 2009) (citation omitted). Specifically, "a petition's factual allegations are to be taken as true and are to be construed in favor of the petitioner;" however, "[c]onclusory allegations are not entitled to be assumed true." *Id.* at 667 n.11 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Where a petitioner fails to allege or make a prima facie showing of any legal right, title or interest in the forfeited property, no hearing or trial is mandated. *Id.* at 664 n.6 (citing *United States v. Campos*, 859 F.2d 1233, 1240 (6th Cir. 1988), and *United States v. O'Brien*, 181 F.3d 105, 1999 WL 357755, at *3 (6th Cir. 1999)).

The government argues that the petitions at bar both lack standing and fail to state any claim for relief. The Court will analyze each petition, in turn.

**Michael Rainey.** Michael Rainey claims an "ownership interest" in the firearms and ammunition identified in Exhibits A and B to his petition, although he "acknowledge[s] that my father's wife, Judith Rainey, may have her own interest in the guns contained in Exhibit A" (Pet.,

Dkt 27 at ¶¶ 1, 4). Specifically as to the items identified in Exhibit A, Michael Rainey asserts that "[a]fter being convicted of a felony, my father gifted to me his entire firearm business including guns and ammunition" (*id.* at ¶ 3). As to the items identified in Exhibit B, Michael Rainey merely asserts that "Exhibit B contains the guns that I owned independent of what my father gifted me in Exhibit A" (*id.* ¶ 5).

Regarding statutory standing, the government points out that unlike the firearms Michael Rainey claims in Exhibit A to his petition, those claimed in Exhibit B lack "any explanation of his right, title or interest in the property" or identification of "the time and circumstances of his acquisition of the property" (Resp., Dkt 32 at 4). The government concludes that this Court should dismiss Michael Rainey's petition as to the firearms identified in Exhibit B to his petition for lack of standing (*id.*, citing *United States v. Klemme*, 894 F. Supp. 2d 1113, 1117 (E.D. Wis. 2012) (petition of spouse who failed to specify time and circumstances of when she acquired firearm dismissed pursuant to § 853(n)(3) and Rule 32.2(c)(1)); *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (a bald assertion of ownership is not sufficient to survive motion to dismiss); *United States v. Edwards*, No. 06-50127-01, 2007 WL 2088608, at *2 (W.D. La. 2007) ("the law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property")). The Court agrees with the government that even assuming the truth of the statements in the petition, Michael Rainey's petition does not contain the information required by § 853(n)(3) to demonstrate he has standing to pursue an interest in the items in Exhibit B.

Additionally, Michael Rainey's petition fails to state a claim of ownership in the firearms and ammunition identified in his Exhibit A because he cannot satisfy the requirements of 21 U.S.C.

5

§ 853(n)(6)(A) or (B).  First, as the government correctly points out, a petitioner who does not acquire his interest until after the crime giving rise to the forfeiture must recover as a bona fide purchaser under § 853(n)(6)(B), or not at all (Resp., Dkt 32 at 7, citing *Pacheco v. Serendensky*, 393 F.3d 348, 353 (2d Cir. 2004) ("Because Pacheco obtained her asserted interest in the Premises after the conduct giving rise to the forfeiture, the first condition could not apply.")).  Michael Rainey acknowledges that he obtained his interest after his father was "convicted of a felony," i.e., after "the time of the commission of the acts [that] gave rise to the forfeiture;" therefore, Michael Rainey cannot prevail under 21 U.S.C. § 853(n)(6)(A).

Second, because he claims that the firearms and ammunition were a "gift," Michael Rainey is not a "bona fide purchaser for value" under 21 U.S.C. § 853(n)(6)(B).  The government correctly argues that because the firearms were given to Michael Rainey for free with no value paid in return, he cannot prevail under § 853(n)(6)(B) (Resp., Dkt 32 at 7, citing *Klemme, supra*, 894 F. Supp. 2d at 1117-18 ("a person who receives property as a 'gift' cannot be a bona fide purchaser for value"); *United States v. Sigillito*, 938 F. Supp. 2d 877 (E.D. Mo. April 1, 2013) (court dismissed petition based on claim that property "was a gift from her parents")).

In short, Michael Rainey's petition fails to demonstrate he has statutory standing under 21 U.S.C. § 853(n)(3) to pursue an interest in the firearms he identifies in Exhibit B, and his petition fails to state a claim to the firearms and ammunition he identifies in Exhibit A because he cannot satisfy the requirements of 21 U.S.C. § 853(n)(6)(A) or (B).

***Judith Rainey.***  Judith Rainey claims a marital interest in the firearms and ammunition identified in Exhibits A and B to her petition, "to the extent my husband is deemed to still have any ownership interest in the guns and ammunition listed in this claim" (Pet., Dkt 28 at ¶¶ 1-2, 4).

However, as the government correctly points out, Defendant's interest in the property no longer exists inasmuch as the interest divested the moment he committed the crime, 21 U.S.C. § 853(c) (Resp., Dkt 32 at 5, citing *United States v. One Silicon Valley Bank Account*, 549 F. Supp. 2d 940, 958 (W.D. Mich. 2008) ("Under the relation-back doctrine, set forth in 21 U.S.C. § 853(c), 'the government acquires its interest in the defendant's forfeited property at the time of the commission of the criminal acts giving rise to the forfeiture.'")). Therefore, Judith Rainey's claim to a marital interest to Defendant's remaining ownership interest fails for lack of statutory standing. Consequently, Judith Rainey is neither an owner nor a bona fide purchaser of the firearms, and her petition therefore also fails to state a claim under either 21 U.S.C. § 853(n)(6)(A) or (B).

***Julius Rainey.*** Julius Rainey, in his two-paragraph petition, baldly claims that he is "the owner of the property contained in Exhibit A" (Pet., Dkt 29). The Court agrees with the government that the petition is simply "not sufficient" to establish standing (Resp., Dkt 32 at 5). *See Klemme, supra; Ginn, supra; Edwards, supra* ("the law requires more than a bare assertion of legal title to establish the nature and extent of petitioner's right, title or interest in the subject property"). Likewise, Julius Rainey's petition fails to allege, let alone state, a plausible claim under either 21 U.S.C. § 853(n)(6)(A) or (B).

### III.  CONCLUSION

For the foregoing reasons, the Court dismisses the Petitions for Hearing on Preliminary Order of Forfeiture (Dkts 27, 28 & 29). An Order consistent with this Opinion will enter.

DATED: October 2, 2014                               /s/ Janet T. Neff
                                                                    JANET T. NEFF
                                                                    United States District Judge